IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| PETER J. SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:19-cv-1033-WKW-SRW |
| | ) |
| WAFFLE HOUSE, INC., *et al.*, | ) |
| | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1), this case was referred to the undersigned United States Magistrate Judge for consideration and disposition or recommendation on all pretrial matters (Doc. 6). Plaintiff Peter J. Smith, proceeding *pro se*, initiated this lawsuit by filing a complaint against defendants Waffle House, Inc.; Waffle House; and Walt Ehmer in his official capacity as Waffle House CEO on December 9, 2019. (Doc. 1). Plaintiff filed a motion to proceed *in forma pauperis* (Doc. 2) pursuant to 28 U.S.C. § 1915, which provides that

> any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

28 U.S.C. § 1915(a)(1). The court granted Plaintiff *in forma pauperis* status but entered an order deferring service of process for the purpose of conducting a review of Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Doc. 7. While the court has determined

that Plaintiff lacks the resources necessary to pay the filing fee, it concludes, upon its review of the complaint, that Plaintiff's complaint is due to be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). In relevant part, § 1915(e) provides: "the court shall dismiss the case at any time if the court determines that … the action or appeal … is frivolous or malicious …[or] fails to state a claim on which relief may be granted …." 28 U.S.C. § 1915 (e)(2)(B)(i)–(ii).

"Federal Rule of Civil Procedure 12(b)(6) standards govern [a court's] review of dismissals under section 1915(e)(2)(B)(ii)[.]" *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). *See also Jones v. Brown*, 649 F. App'x 889, 890 (11th Cir. 2016) (citing *Mitchell*, *supra*) ("We review the district court's dismissal for failure to state a claim for which relief may be granted pursuant to § 1915(e)(2)(B)(ii) *de novo*, applying the same standards that govern Federal Rule of Civil Procedure 12(b)(6)."). In considering a Rule 12(b)(6) motion, the court

> must view the complaint in the light most favorable to the plaintiff, accepting all of the plaintiff's well-pleaded facts as true. *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1056–57 (11th Cir. 2007). *Pro se* pleadings are liberally construed and held to a less stringent standard than pleadings drafted by attorneys. *Powell v. Lennon*, 914 F.2d 1459, 1463 (11th Cir. 1990). However, in order to survive a motion to dismiss, the plaintiff's complaint must contain facts sufficient to support a plausible claim to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

*Id.* This court has reviewed plaintiff's complaint in light of the foregoing principles.

In his complaint, plaintiff alleges a violation of his civil rights pursuant to 42 U.S.C. § 1983, violation of the Shepard-Byrd Act, and wire fraud. Doc. 1 at 1–2. He maintains that after he dined at the Waffle House located at 301 Madison Avenue, Montgomery, Alabama, the waitress swiped his credit card twice and then manually entered the card

2

number into the card reader. *Id.* at 1. Plaintiff says that he was not provided a receipt for his payment. *Id.* He asserts that these actions were taken because he is a homeless, Black male, and his waitress "was not a Black Female." *Id.* at 2. Plaintiff cumulatively seeks compensatory and punitive damages in the amount of $1,000,000. *Id.*

Plaintiff's allegations are frivolous, vague, and conclusory, and they fail to allege facts sufficient to support a plausible claim for relief as required by *Iqbal*. *See Iqbal*, 556 U.S. at 678. Moreover, Plaintiff's claims fail as a matter of law.

In order to state a viable section 1983 claim, the defendant must be an entity that is subject to suit.[1] *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992). The law is well settled that

> [t]o state a [viable] claim for relief in an action brought under § 1983, [a plaintiff] must establish that [he was] deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law.... [T]he under-color-of-state-law element of § 1983 excludes from its reach "'merely private conduct, no matter how discriminatory or wrongful,'" … [Consequently,] state action requires **both** an alleged constitutional deprivation "caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible," **and** that "the party charged with the deprivation must be a person who may fairly be said to be a state actor…."

---

[1] Plaintiff is well aware of the law on this matter. Plaintiff has had more than one case dismissed on these grounds, yet he continues to file such claims. *See, e.g., Smith v. Walmart Stores, Inc.*, No. 2:19-CV-89-WKW-WC, 2020 WL 2462440, at *1 (M.D. Ala. Apr. 3, 2020), *report and recommendation adopted*, 2020 WL 2411511 (M.D. Ala. May 12, 2020), *appeal dismissed*, No. 20-11953-BB, 2020 WL 5049032 (11th Cir. July 21, 2020); *Smith v. Regions Bank, Inc.*, No. 2:19-CV-213-ECM-GMB, 2019 WL 3209456, at *2 (M.D. Ala. June 12, 2019), *report and recommendation adopted*, 2019 WL 3208366 (M.D. Ala. July 16, 2019); and *Smith v. Game Stop*, No. 2:16-CV-129-WKW-WC, 2016 WL 3360673, at *1 (M.D. Ala. Apr. 20, 2016), *report and recommendation adopted*, 2016 WL 3360699 (M.D. Ala. June 9, 2016).

3

*Thompson v. Upshaw*, No. 2:09-CV-214-TMH, 2009 WL 1089685, at *2–3 (M.D. Ala. Apr. 22, 2009) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999)) (internal citations omitted) (emphasis in original).

     Like Plaintiff's prior cases, the complaint before the court includes no indication that Defendants Waffle House, Inc.; Waffle House; or Walt Ehmer in his official capacity as Waffle House CEO are anything other than non-governmental commercial entities, and no allegations of fact suggest that Defendants acted under color of state law so as to be subject to liability under 42 U.S.C. § 1983. *See Christman v. Walsh*, 2011 WL 721302, *3-4 (11th Cir. Mar. 2, 2011) (unpublished opinion) (citing *Focus on the Family v. Pinellas Suncoast Transit Authority*, 344 F.3d 1263, 1277 (11th Cir. 2003) and *Rowe v. City of Fort Lauderdale*, 279 F.3d 1271, 1283 (11th Cir. 2002) and finding that "the amended complaint failed to state a claim against [a private defendant] because it did not include any allegations showing that [the defendant] acted under color of state law"). *See also Bias v. Crosby*, 346 Fed. App'x 455, 456 (11th Cir. 2009) (unpublished opinion) ("Notably, the 'under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful.' A private party will be viewed as a state actor for § 1983 purposes only in rare circumstances, such as when the state has played an affirmative role by encouraging, conspiring, or acting in concert with the private actor in the particular conduct underlying the claimant's civil rights grievance.") (citations omitted). Accordingly, Plaintiff has failed to state a § 1983 claim against Defendants.

     Even if Plaintiff had properly named a state actor, Plaintiff's claims still would fail. Plaintiff asserts claims for wire fraud and a hate crime violation of the Shepard-Byrd Act. Doc. 1 at 12. Both claims are based upon criminal statutes that provide no private right of

action. *See Am. Gen. Life & Acc. Ins. Co. v. Ward*, 509 F. Supp. 2d 1324, 1335 (N.D. Ga. 2007) (holding that mail and wire fraud claims pursuant to 18 U.S.C. §§ 1341 and 1342 "do not, in and of themselves, create a private right of action" as the statutes are "'purely penal'")[2]; *Smith*, 2016 WL 3360673, at *2 ("Plaintiff does not explain how [d]efendants could have somehow effected a violation of a federal hate-crime statute and, even if he had tried, the cited criminal statute does not provide him with a private right of action.") (citing *Godfrey v. Ross*, No. 2:11-2308-WBS-EFB, 2011 WL 6012607, at *5 (E.D. Cal. Dec. 1, 2011) (finding that the Matthew Shepard and James Byrd Hate Crimes Prevention Act does not provide a private civil right of action and collecting similar cases)).

Finally, Plaintiff does not plead any recoverable damages. He alleges that when he paid for his meal, the waitress swiped his credit card twice and then manually entered the information, and that he was not provided with a receipt. Doc. 1 at 1. Plaintiff does not allege that he was charged multiple times, charged an amount in excess of his bill, or damaged in any other way.

For all of the reasons stated above, the court concludes that Plaintiff's complaint is frivolous and, alternatively, that Plaintiff has failed to state a claim upon which relief could

---

[2] Although Plaintiff does not assert a claim under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), to the extent Plaintiff intended his wire fraud claim to serve as a predicate act to support a RICO claim, this claim also would fail because Plaintiff alleges a single incident that is not sufficient to establish an "enterprise" or a "pattern." *Ray v. Spirit Airlines, Inc.*, 126 F. Supp. 3d 1332, 1339 (S.D. Fla. 2015), *aff'd*, 836 F.3d 1340 (11th Cir. 2016) (citations omitted) ("A civil RICO claim requires a demonstration of the following elements: '(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (5) that caused injury to business or property.'").

be granted.  Accordingly, the claims against these defendants are due to be dismissed upon application of 28 U.S.C. §1915(e)(2)(B)(i) and (ii).

Thus, it is the RECOMMENDATION of the Magistrate Judge that this matter be DISMISSED prior to service of process, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii).³ It is further

ORDERED that **on or before October 16, 2020**, Plaintiff may file an objection to this Report and Recommendation. Any objections filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which Plaintiff objects.  Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations under 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of "plain error if necessary in the interests of justice." 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993)("When the magistrate provides such notice and a party still fails to object to the findings of fact and those findings are adopted by the district court the party may not

---

³ The court is recommending dismissal of Plaintiff's complaint without first giving Plaintiff an opportunity to amend because it concludes that amendment would be futile—even with amendment, Plaintiff cannot bring federal civil rights claims under § 1983, any of the other statutes he invokes, against the Waffle House defendants. Accordingly, leave to amend Plaintiffs' complaint need not be afforded in this instance. *See, e.g., Cornelius v. Bank of Am., NA*, 585 F. App'x 996, 1000 (11th Cir. 2014) ("While a pro se litigant generally must be given at least one opportunity to amend his complaint, a district judge need not allow an amendment where amendment would be futile."). Further, Plaintiff will be permitted to file objections to the findings set forth in this Recommendation, and thus will have an additional opportunity to be heard prior to any dismissal of the complaint.

challenge them on appeal in the absence of plain error or manifest injustice."); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done, on this 1st day of October, 2020.

/s/ Susan Russ Walker
Susan Russ Walker
United States Magistrate Judge